# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARGARET BUHRMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N16C-04-270 MMJ |
| COURTYARD BY MARRIOTT, | ) | |
| INC., SECURITAS SECURITY | ) | |
| SERVICES USA, INC., 1102 WEST | ) | |
| STREET, LP, CENTRAL PARKING, | ) | |
| LLC, COURTYARD | ) | |
| MANAGEMENT CORPORATION, | ) | |
| SP PLUS CORPORATION, and | ) | |
| STANDARD PARKING | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 22, 2019
Decided: April 3, 2019
Corrected: May 8, 2019

On Defendants Courtyard by Marriott, Inc., 1102 West Street, LP,
and Courtyard Management Corporation's
Motion for Summary Judgment

On Defendant Securitas Security Services USA, Inc.'s
Motion for Summary Judgment
Against Co-Defendant/Cross-Claimants'
Courtyard by Marriott, Inc., 1102 West Street, LP,
and Courtyard Management Corporation

## CORRECTED OPINION

Paul D. Sunshine, Esq., (Argued), Reger, Rizzo, & Darnall, LLP, *Attorneys for Courtyard by Marriott, Inc., 1102 West Street, LP, and Courtyard Management Corporation*

1

Eileen M. Ford, Esq., (Argued), Marks, O'Neill, O'Brien, Doherty, & Kelly, P.C., *Attorneys for Defendant Securitas Security Services USA, Inc.*

**JOHNSTON, J.**

## PROCEDURAL AND FACTUAL CONTEXT

Plaintiff brought suit against Defendants following a robbery that occurred on June 8, 2014. Plaintiff's claims against Defendants have been resolved. What remains is an indemnification action between the two groups of Defendants: Courtyard by Marriott, Inc., 1102 West Street, LP, and Courtyard Management Corporation (collectively "Marriott"); and Securitas Security Services USA, Inc. ("Securitas").

The Security Guard Services Agreement (the "Agreement") between Marriott and Securitas outlines the parties' obligations. A document titled Post Instructions provides instructions to the Securitas security officer assigned to Marriott.

Marriott's Motion for Summary Judgment alleges that Securitas breached the Agreement by failing to procure Commercial General Liability Insurance, for the protection of Marriott, in the amount of one million dollars. The Securitas insurance was to be primary and non-contributing with respect to any insurance

2

purchased or maintained by Marriott International, Inc. and any Marriott affiliates.[1]

Securitas obtained a two-million dollar policy, containing a $500,000 self-insured

retention ("SIR").

Marriott argues that in addition to Securitas' obligation to procure a one-

million-dollar insurance policy, Securitas had a separate obligation to "indemnify,

defend, and hold harmless."[2] Securitas agreed to defend and indemnify Marriott

against all claims and losses arising out of any "negligent act or omission or willful

misconduct" on the part of Securitas in the performance of its obligations under the

Agreement.[3] The indemnification obligation extends to "[a]llegations regarding

Marriott's hiring, retention or supervision of Securitas's, its employees, or its

Services provided hereunder except to the extent caused by the willful misconduct

of Marriott."[4] Securitas declined to defend or indemnify Marriott.

Securitas' Motion for Summary Judgment argues that although there is a

duty to defend and indemnify for Securitas' acts under the Agreement, there is no

duty to defend or indemnify for Marriott's own negligence. Further, Securitas

---

[1] Agreement ¶ 12.1(B)(1).

[2] Marriott cites *Manhart v. Morton Int'l Inc.*, 155 F. Supp. 3d 294 (W.D.N.Y. 2016) to support its argument that Securitas' Motion for Summary Judgment should not be granted. In *Manhart*, the Court rejected a recommendation by a Magistrate Judge to grant Securitas' Summary Judgment on contractual indemnification claims. However, the Court rejected the recommendation because the Court determined that there were disputed issues of material fact. *Id.* at 296. Therefore, this Court finds that *Manhart* does not apply in the instant case.

[3] Agreement ¶ 13.1(B).

[4] Agreement ¶ 13.1(F).

3

claims that the duty to procure the required insurance is not material because the duty was never triggered. Securitas argues that Marriott's own expert testified that Securitas was not negligent.

## SUMMARY JUDGMENT STANDARD

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[5] All facts are viewed in a light most favorable to the non-moving party.[6] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[7] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[8] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[9]

---

[5] Super. Ct. Civ. R. 56(c).
[6] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).
[7] Super. Ct. Civ. R. 56(c).
[8] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4

## ANALYSIS

### *Defense and Indemnification*

Plaintiff filed her Complaint on April 29, 2016. The Complaint alleges that Defendants were negligent.[10] The negligence claims against Marriott and Securitas are essentially the same. Plaintiff did not bring specific allegations of negligence solely against Marriott. There is only a difference in the nature and the quantity of alleged negligence on the part of each Defendant.

The duties to defend and indemnify provided in the Agreement are triggered by the allegations in the Complaint. Even if ultimately no liability had been found, and neither Marriott nor Securitas were deemed to have been negligent, the duties under the Agreement nonetheless were activated by claims of negligence.

The Court finds that Maryland law governs this action on the relevant issues. Under Maryland law, it is well-settled that an insurer's duty to defend under a liability insurance policy arises when the insured is sued on a claim that is covered, or potentially is covered, by the insurance policy.[11]

Maryland courts have recognized a distinction between a contractual obligation to indemnify for one's own negligence and a contractual duty to provide insurance for one's own negligence. In *Heat & Power Corp. v. Air Products &*

---

[10] Compl. ¶ 15.

[11] *Baltimore Gas and Elec. Co. v. Commercial Union Ins. Co*, 688 A.2d 496, 505 (Md. Ct. Spec. App. 1997).

5

*Chemicals, Inc.,*[12] the Court opined that a contract "will not be construed to indemnify a person against his own negligence unless an intention to do so is expressed in those very words or in other unequivocal terms."[13] However, this rule of construction "does not apply to an insurance contract."[14] "The policy consideration against implying agreements to indemnify one for one's own negligence are inapplicable to liability insurance contracts which generally have as their primary purpose indemnification against one's own negligence. Also, one of the reasons why contracts to indemnify must be expressed in unequivocal terms is to protect the unwary or uninformed promisor. A liability insurer is rarely an unwary or uninformed promisor."[15]

The Court finds that the Complaint alleges negligence by Securitas and that those claims essentially are identical to the claims brought against Marriott. The lawsuit named all of Defendants involved. As is typical in a case with multiple defendants, the factfinder must allocate liability for negligence among these Defendants. Alternatively, if liability is determined short of trial, Defendants may be left to sort out their various contributions to the settlement. The contractual duties to defend and indemnify were triggered when the Complaint was filed.

---

[12] 578 A.2d 1202 (Md. 1990).
[13] *Id.* at 1206 (citing *Crockett v. Crothers,* 285 A.2d 612, 615 (Md. 1972)).
[14] *Id.* at 1208.
[15] *Id.*

### *Self-Insured Retention*

The Court views the $500,000 Self-Insured Retention (SIR) as a very large deductible. The Court finds that the SIR does not affect the contractual duties to defend or indemnify under the Agreement. The SIR only relates to the source of funds and does not affect Securitas' obligations under the Agreement. There was no breach of contract on the basis of the SIR.

## CONCLUSION

The Complaint alleges the same claims of negligence against Marriott and Securitas. Securitas' duties to provide a defense to negligence claims, and to indemnify, were triggered upon filing the Complaint. These duties are neither excused nor negated by any ultimate finding regarding negligence, or defensive assertion of lack of Securitas' negligence. The duty to indemnify is not contrary to Maryland law under these circumstances. Reasonable attorneys' fees shall not include fees incurred after July 17, 2018, when Marriott signed the settlement agreement. The self-insured retention does not constitute a breach of the Security Guard Services Agreement.

**THEREFORE, Marriott's Motion for Summary Judgment is hereby GRANTED IN PART AND DENIED IN PART. Securitas' Motion for Summary Judgment is hereby DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

8